UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LOUIS WARD II,

        Plaintiff,        Case No. 1:13-cv-1315

v.        Honorable Paul L. Maloney

UNKNOWN PARTY #1 et al.,

        Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Sergeant Doorlag, Kalamazoo County Jail, Kalamazoo County Sheriff's Department and Kalamazoo County. The Court will serve the complaint against Defendants Unknown Parties ##1-4, if and when their identities are provided to the Court.

## Discussion

I. Factual allegations

Plaintiff Walter Louis Ward II presently is incarcerated at the Cooper Street Correctional Facility, but the events about which he complains took place while he was a pre-trial detainee at the Kalamazoo County Jail. Plaintiff sues Unknown Parties #1-4 whom he identifies as two female and two male members of the nursing staff at the jail. Plaintiff also sues Sergeant (Unknown) Doorlag, Kalamazoo County Jail, Kalamazoo Sheriff's Department and Kalamazoo County. As relief, Plaintiff seeks compensatory damages of no less then two million dollars, plus attorney's fees and costs.

Plaintiff alleges that on December 5, 2011, he was involved in a truck accident in which he was seriously injured. Plaintiff sustained an open, compound fracture to his right leg, a fractured jaw, broken right rib, back injury and nerve and muscle damage to the left shoulder and arm. Plaintiff was transported to the Bronson Medical Center for treatment.

On December 7, 2011, Plaintiff was released from Bronson Medical Center with aftercare orders which included instructions regarding the daily changing of his leg bandages and wound cleaning. Plaintiff also was prescribed a pain killer.

On December 12, 2011, Plaintiff was booked into the Kalamazoo County Jail at which time he informed the booking deputy of his current medical condition and his wound care and cleaning needs, and the prescription medication he needed for pain. He gave the booking deputy his physician's contact information and information about his next scheduled appointment. The booking deputy told Plaintiff that he had contacted the nursing staff and would give nursing staff the medical information that Plaintiff had provided. Plaintiff was placed in the B Floor Men's sick

bay holding cell but had no way to clean his leg and no dressings to allow him to change his leg bandage.

On December 15, 2011, Plaintiff was taken to Bronson Orthopedics and Sports Medicine Clinic by two sheriff's deputies. Plaintiff's physician removed stitches from his face and examined his leg wound. Plaintiff's physician ordered Tylenol for pain and instructed Plaintiff to continue with his aftercare plan of daily cleaning of the wound and changing of bandages.

On December 16, 2011, Plaintiff attempted to get some Tylenol for pain, as prescribed by his physician, but a female nurse refused to give it to him because he did not have sufficient funds to pay for it. Plaintiff continued to complain about pain, but did not receive any medical assistance. When Plaintiff was in the nurses' station later that day, a female nurse told him that she had talked with his physician's office and learned that cleaning Plaintiff's leg wound and changing his bandages every other day was sufficient. Plaintiff later learned from his physician's office that no such instructions were given to the jail nursing staff.

On December 17, 2011, Plaintiff requested that nursing staff change his bandages, clean his leg wound and give him Tylenol for pain. Plaintiff's requests were ignored.

On December 18, 2011, a male nurse changed Plaintiff's bandages but did not clean his wound or give Plaintiff pain medication despite his repeated requests.

On December 19, 2011, Plaintiff again requested that nursing staff clean his wound and change his bandages. His requests were ignored.

On December 20, 2011, Plaintiff asked several of the deputies on duty to talk to nursing staff about changing his bandages and cleaning his wound. The deputies made multiple requests to nursing staff on Plaintiff's behalf but no one from the nursing staff came to assist

Plaintiff. That evening, a male nurse came to give Plaintiff medication. Plaintiff told the nurse that his wound needed to be cleaned and his bandages changed. The nurse acknowledged that Plaintiff's wound needed care, but failed to do anything at the time he gave Plaintiff medication or any time later that evening. At approximately 11:30 p.m. on December 20, 2011, Plaintiff asked the floor deputy to talk with nursing staff about his medical needs. Nursing staff responded that someone would attend to Plaintiff's needs the next day. Despite having promised to help Plaintiff and despite Plaintiff's many requests, no one from the nursing staff assisted Plaintiff on either December 21 or 22, 2011.

On December 22, 2011, Plaintiff was taken back to the Bronson Orthopedic and Sports Medicine Clinic where he learned that his leg wound had become infected. His physician prescribed fourteen days of antibiotics and again instructed Plaintiff to clean his leg wound and change his bandages daily. Written care instructions were given to the nursing staff at the Kalamazoo County Jail. When he returned to his cell the transporting deputy reminded Plaintiff that his physician had said to make sure that the nursing staff cleaned his leg wound and changed his bandages everyday or his leg wound could get infected and he could possibly lose his leg. Later that day the nursing staff gave Plaintiff a plastic bag with iodine and gauze so that he could care for his own wound. Plaintiff filed a grievance against the nursing staff for failing to provide medical assistance. Nursing staff failed to address Plaintiff's concerns so he filed a Step II appeal with Defendant Doorlag. Defendant Doorlag never responded to Plaintiff's Step II appeal.

On January 1, 2012, nursing staff stopped giving Plaintiff the antibiotics prescribed by his physician. Plaintiff's physician had directed him to take the antibiotics for fourteen days, but nursing staff had only given Plaintiff the antibiotics for ten days. Plaintiff asked the nursing staff

why his medication was stopped and was told that the prescription was over. On January 5, 2012, while at an appointment at the Bronson clinic, Plaintiff confirmed that he was supposed to have taken the antibiotics for fourteen days.

On January 6, 2012, Plaintiff filed a grievance against the nursing staff as a result of the premature cessation of his antibiotics. He never received a response. He sent a Step II grievance appeal to Defendant Doorlag. He did not receive a response.

On January 7, 2012, Plaintiff began receiving the remaining four days of his antibiotics.

On January 12, 2012, Plaintiff asked Defendant Doorlag if he had received Plaintiff's Step II grievance appeal. Defendant Doorlag said that he gave it to nursing staff. Plaintiff never received a response from Defendant Doorlag or the nursing staff. That same day, Plaintiff wrote a note to Defendant Doorlag explaining that he had never received a response to his Step II appeal from nursing staff or from Defendant Doorlag. Defendant Doorlag did not respond to Plaintiff's note.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Doorlag

Plaintiff alleges that Defendant Doorlag violated his Fifth and Fourteenth Amendment rights. Specifically, Plaintiff claims that Defendant Doorlag violated his due process rights on January 6, 9 and 12, 2012, when Defendant Doorlag failed to respond to Plaintiff's

grievances or his correspondence regarding the failure of Defendant Doorlag or the nursing staff to respond to his grievances.

Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Additionally, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

Moreover, to the extent Plaintiff alleges that Defendant Doorlag violated his constitutional rights when he failed to conduct an investigation in response to Plaintiff's grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368

F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has failed to allege that Defendant Doorlag engaged in any active unconstitutional behavior. Consequently, Plaintiff fails to state a claim upon which relief can be granted against Defendant Doorlag.

**B.    Kalamazoo County Jail/Kalamazoo County Sheriff's Department**

Plaintiff sues the Kalamazoo County Jail. The jail is a building, not an entity capable of being sued in its own right. Accordingly, the Kalamazoo County Jail will be dismissed.

Plaintiff also sues the Kalamazoo County Sheriff Department. The sheriff's department does not exist as a separate legal entity; it is simply an agent of the county. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (Mich. Ct. App. 1970)). Accordingly, the Kalamazoo County Sheriff's Department will be dismissed.

**C.    Kalamazoo County**

Plaintiff sues Kalamazoo County as the authority that "presides over these Defendants." (docket #1, Page ID#3.) Kalamazoo County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.*

Plaintiff's allegations against the county rest on a theory of vicarious liability and therefore do not state a claim. *Id.* Plaintiff fails to state any allegations that suggest an official policy or custom caused the harm about which he complains. Accordingly, the Court will dismiss Kalamazoo County.

### D. Unknown Parties ##1-4

At this stage of the proceedings, Plaintiff's allegations are sufficient to warrant service of the complaint against Defendants Unknown Parties ##1-4. However, the Court is unable to order service on these four Defendant because Plaintiff has not provided sufficient information to identify them. Plaintiff alleges that Defendants are two male and two female members of the nursing staff at the Kalamazoo County Jail however, this information alone is insufficient to effect service of process. Moreover, while the United States Marshal Service is expected to make a reasonable effort to serve identified Defendants on behalf of Plaintiff's proceeding *in forma pauperis*, the Marshal Service is not required to identify the individuals to be served. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . *once reasonable steps have been taken to identify for the court the defendants named in the complaint.*") (emphasis added).

Accordingly, Plaintiff will have **120 days** to provide the Court with information regarding the identity of the four Defendants he wishes to have served or a declaration showing good cause why the Court should extend the time within which service can be made. *See* FED. R. CIV. P. 4(m). If Plaintiff is unable to identify these four Defendants, this case will be dismissed without prejudice. *See id.*

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Sergeant (Unknown) Doorlag, Kalamazoo County Jail, Kalamazoo County Sheriff's Department and Kalamazoo County will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Unknown Parties ##1-4, if Plaintiff ascertains their identities in a timely manner and provides the Court with information regarding their identities sufficient to allow the U.S. Marshal service to effect service of process.

An Order consistent with this Opinion will be entered.


Dated:  February 28, 2014            /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge